UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

DAVID J. TIFFANY,

Plaintiff,

v.

QUINTEN BYRNE, *et al.*,

Defendants.

Case No. 3:16-cv-00612-MMD-WGC

**ORDER**

Re: ECF No. 15

Before the court is Plaintiff's First Amended Complaint. (ECF No. 15.)

# **I. BACKGROUND**

Plaintiff filed his application to proceed in forma pauperis (IFP) and original complaint on October 21, 2016. (ECF Nos. 1, 1-1.) The court screened the complaint and issued an order on September 18, 2017, and: dismissed Count I, which alleged a due process violation related to a disciplinary hearing, with leave to amend; dismissed Count II with prejudice, which alleged a due process claim for mischaracterization of his appeal and for an alleged failure to investigate his appeal; and, allowed Count III to proceed against defendant Belanger, based on allegations that he did not receive the requisite notice and hearings in connection with the time spent in administrative segregation. (ECF No. 3.)

On December 18, 2017, Plaintiff filed a document asking that his action proceed against defendant Belanger as he had not filed an amended complaint. (ECF No. 6.) On December 21, 2017, the court issued an order stating that the action would proceed against defendant Belanger only on Count III. (ECF No. 7.) In addition, the case was stayed and the case was referred to the court's Inmate Early Mediation Program. (*Id*.) The mediation took place on April 10, 2018, but was unsuccessful. (ECF No. 11.) Plaintiff's IFP application was granted, and the Attorney General's Office accepted service on behalf of Belanger on May 7, 2018. (ECF Nos. 13, 14.)

| | |
|---|---|
| 1 | Belanger had sixty days from the date of the order directing service (filed April 16, 2018) to file |
| 2 | and serve an answer or other response. (ECF No. 13 at 3.) |
| 3 | On June 14, 2018, Plaintiff filed a first amended complaint. (ECF No. 15.) |
| 4 | The very next day, defendant Belanger filed a motion for summary judgment. (ECF Nos. |
| 5 | 16, 16-1 to 16-6.) |

## II. DISCUSSION

A party may amend its pleading once as a matter of course within:
(A) 21 days after serving it, or
(B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

Fed. R. Civ. P. 15(a)(1)(A)-(B).

Here, service was accepted on behalf of Belanger on May 7, 2018. The amended complaint was filed more than twenty-days after service was accepted. Therefore, amendment as a matter of course was not proper under Rule 15(a)(1)(A). In addition, to the extent Belanger's motion for summary judgment could be construed as a responsive pleading, the amended complaint was filed *before* the filing of the motion for summary judgment and not after. As such, amendment as a matter of course was not proper under Rule 15(a)(1)(B).

Therefore, Plaintiff was required to obtain Belanger's consent or the court's leave to file an amended complaint under Rule 15(a)(2). There is no indication that Belanger gave consent to the filing of the amended complaint; therefore, Plaintiff was required to file a motion for leave to amend, which did not occur.

As a result, the first amended complaint (ECF No. 15), filed on June 14, 2018, will be stricken; however, Plaintiff will be given thirty days to file a motion for leave to amend and proposed amended complaint. Under Local Rule 15-1 the proposed amended complaint must be attached to the motion seeking leave of court to file the pleading. LR 15-1(a). The proposed amended complaint must be complete in and of itself without reference to the superseded pleading and must include copies of all exhibits referred to in the proposed amended pleading. If no motion is filed within the thirty-day timeframe, the complaint will proceed only as to Count III against Belanger, as set forth in the original screening order.

The court notes that the first amended complaint that is being stricken as improvidently filed (ECF No. 15), names defendant Belanger in the caption but contains no factual allegations against Belanger in the body of the complaint such that if that amended pleading had been filed and screened, the court would not have allowed any claim to proceed against Belanger. Any proposed amended complaint must name each defendant in the caption, and contain factual allegations connecting that defendant to the alleged constitutional violation in the body of the complaint.

The court undertook a preliminary review of the remaining allegations in first amended complaint that is being stricken and points out some deficiencies that may be taken into account if Plaintiff chooses to file a motion for leave to amend and proposed amended complaint. Plaintiff still disputes his disciplinary conviction, claiming that Officer Martin's version of events that give rise to his disciplinary conviction—that Martin observed Plaintiff engaging in a sexual encounter with his cellmate—was false; that a hearing officer did not consider Plaintiff's version of events; and that superiors Sandie and Foster should have corrected this wrong.

As was stated in the original screening order, "[t]he requirements of due process are satisfied if some evidence supports the decision by the prison disciplinary board." *Superintendent Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 455 (1985). "Ascertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing the evidence. Instead, the relevant question is whether there is *any* evidence in the record that *could* support the conclusion reached by the disciplinary board." *Id*. at 455-56. (citations omitted) (emphasis added). In *Hill*, the Supreme Court found that the evidence met the "some evidence" standard, noting that the disciplinary panel had received testimony from a prison guard and copies of a written report. *Id*. "The Federal Constitution does not require evidence that logically precludes any conclusion but the one reached by the disciplinary board. Instead, due process in this context requires only that there be some evidence to support the findings made in the disciplinary hearing." *Hill*, 472 U.S. at 457. The court is "not to make its own assessment of the credibility of witnesses or reweigh the evidence." *Cato v. Rushen*, 824 F.2d 703, 705 (9th Cir. 1987) (citing *Hill*, 472 U.S. at 455).

In addition, courts have held that prisoners do not have a constitutionally protected guaranteed immunity from being falsely or wrongly accused of conduct which may result in the deprivation of a protected liberty interest, provided the due process requirements of *Wolff* are observed. *See Sprouse v. Babcock*, 870 F.2d 450, 452 (8th Cir. 1989); *Freeman v. Rideout,* 808 F.2d 949, 951-52 (2d. Cir. 1986), *cert. denied*, 485 U.S. 982 (1988) (allegation that false evidence was planted by a prison guard does not state a constitutional claim where procedural process protections are provided); *see also York v. Hernandez*, 2011 WL2650243, at * n. 3 (N.D. Cal. 2011) (where plaintiff alleged violation of due process rights by filing false charges against him, court stated, "without more, a prisoner has no constitutionally guaranteed immunity from being falsely or wrongly accused of conduct which may result in the deprivation of a protected liberty interest."); *Tafilele v. Harrington*, 2011 WL2462750, at *7 (E.D. Cal. 2011); *but see Hines v. Gomez,* 108 F.3d 265 (9th Cir. 1997) (prisoner can allege the false report or conviction was retaliatory (in retaliation for exercising constitutional rights), which Plaintiff has not done here). Rather, the Fourteenth Amendment provides that a prisoner has a right not to be deprived of a protected liberty interest without due process of law. *Sprouse*, 870 F.2d at 452. Thus, as long as a prisoner receives proper procedural due process, a claim based on the falsity of disciplinary charges, standing alone, does not state a constitutional claim. *Id*.; *see also Freeman,* 808 F.2d at 951; *Hanrahan v. Lane*, 747 F.2d 1137, 1140-41 (7th Cir. 1984).

In sum, Plaintiff's allegations in the first amended complaint being stricken would not have given rise to a viable claim under section 1983. Again, this should be taken into account should Plaintiff choose to pursue a motion for leave to amend and proposed amended complaint.

Finally, absent a motion requesting an extension of time, Plaintiff is still required to timely file a response to Belanger's pending motion for summary judgment, which is currently due July 6, 2018.

### III. CONCLUSION

**IT IS HEREBY ORDERED THAT:**

(1) The First Amended Complaint (ECF No. 15) is hereby **STRICKEN**.

(2) Plaintiff has **THIRTY DAYS** from the date of this Order to file a motion for leave to amend and attached proposed first amended complaint. If Plaintiff chooses not to file an amended complaint, this action will proceed against defendant Belanger on Count III only.

(3) If Plaintiff chooses to file an amended complaint, the amended complaint supersedes the original complaint and, thus, the amended complaint must be complete in and of itself. Plaintiff's amended complaint must contain all claims, defendants, and factual allegations Plaintiff wishes to pursue in this lawsuit, and must contain factual allegations connecting each named defendant to the alleged constitutional violation. Moreover, Plaintiff must file the amended complaint on the court's approved prisoner civil rights form and it must be entitled "First Amended Complaint."

(4) The Clerk shall send Plaintiff the approved form for filing a section 1983 complaint, instructions for the same, and a copy of the original complaint (ECF No. 1-1).

(5) If an amended complaint is filed, the court will screen the amended complaint in a separate screening order, which may take several months.

(6) Absent a motion requesting an extension of time, Plaintiff is still required to timely file a response to Belanger's pending motion for summary judgment.

DATED: June 21, 2018.

*/s/ William G. Cobb*
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE